UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                          :
UNITED STATES OF AMERICA,                 :
                                          :
            v.                            :   No. 17 Cr. 357 (LAK)
                                          :
DAVID BLASZCZAK,                          :
THEODORE HUBER,                           :
ROBERT OLAN, and                          :
CHRISTOPHER WORRALL,                      :
                                          :
                        Defendants.       :
                                          :
------------------------------------------------------------x

# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANT CHRISTOPHER WORRALL'S MOTION *IN LIMINE*
# TO ENFORCE HIS PROFFER AGREEMENT

Defendant Christopher Worrall makes this motion *in limine* to ensure that his contractual rights under a proffer agreement that governed two meetings he had with the government are adequately protected. This is a particularly critical issue in this case because we believe that the government will take an unreasonably broad view of what opens the door to Worrall's proffer statements; and because of the significant disparity in the government's and Worrall's counsel's versions of what Worrall said during the two proffers.

## I.     Factual Background

On March 24, 2016, and April 15, 2016, Worrall, together with his previous counsel,[1] met with representatives of the United States Attorney's Office, the SEC, and other government agents. Those meetings were governed by an agreement which provides, in relevant part, that

---

[1] Worrall was represented at both meetings by Glen Colton and Elizabeth Gilbreath of Dentons LLP (Ms. Gilbreath is no longer associated with Dentons).

1

the government will not offer the proffer statements in its case-in-chief, with certain exceptions, including to "rebut any evidence or arguments offered by or on behalf of" Worrall. In short, the government can offer Worrall's proffer statements in instances in which those statements are *inconsistent* with evidence or arguments Worrall introduces.

**II.     Argument**

"Proffer agreements are subject to the principles of contract law," *United States v. Parra*, 302 F. Supp. 2d 226, 236 (S.D.N.Y. 2004) (citing, *inter alia*, *United States v. Liranzo*, 944 F.2d 73, 77 (2d Cir. 1991)), and, accordingly, should be strictly enforced. *E.g.*, *United States v. Wilmington Tr. Corp.*, 2017 WL 4480787, at *7 (D. Del. Oct. 6, 2017) (granting defendant's request to enforce express terms of proffer agreement). The government should therefore not be permitted to introduce any statement made by Worrall during the course of these two proffers unless the Court finds, in advance of the government offering that statement, that Worrall has made "an affirmative assertion of fact contradicting the proffer agreement." *See United States v. Rosemond*, 841 F.3d 95, 109 (2d Cir. 2016); *see also United States v. Oluwanisola*, 605 F.3d 124, 133 (2d Cir. 2010) (explaining that where there is no "inconsistency or contradiction" between an asserted fact and a proffer statement, the proffer waiver is not triggered).

Moreover, the determination of whether or not the government is permitted to offer a portion of Worrall's proffers must be made by the Court on a statement-by-statement basis; the government should not be permitted to introduce any portion of Worrall's statements unless the Court has specifically found that Worrall has advanced an argument inconsistent with a specific proffer statement. *See, e.g.*, *United States v. Roberts*, 660 F.3d 149, 161 (2d Cir. 2011) (approving of government agent testifying only from court-approved excerpts of defendant's proffer statements to rebut defendants arguments).

2

Worrall is particularly concerned about establishing the protocol for the government's introduction of proffer statements in this case for two reasons. First, we understand that the government will take a very broad view of what arguments will "open the door" to proffer statements, and what statements should be allowed through that opened door. For example, we have discussed with the government what its position will be should Worrall argue that he did not provide defendant David Blaszczak with one or both slide decks relating to End-Stage Renal Disease ("ESRD") that are referenced in the Superseding Indictment. Superseding Indictment ¶¶ 52-53. The government has preliminarily indicated that it will take the position that this will open the door to proffer statements not just about those slide decks but to any statements that relate to providing information to Blaszczak about ESRD. We presume that the government will take a similar position with respect to other narrow factual assertions, in particular that Worrall did not provide Blaszczak the specific information contained in CMS rules prior to their public dissemination that is cited in the Superseding Indictment. *Id.* ¶¶ 34, 38, 58, 60, 68(b). We disagree with the government's position that a narrow factual assertion should open the door to more than a specific proffer statement that contradicts that specific assertion. *Rosemond*, 841 F.3d at 109.

Second, there may well be disagreement over what Worrall in fact said during his proffers. The proffers were lengthy and covered a wide range of topics, sometimes skipping back and forth among them. The government's Form 302s memorializing the two meetings covered 13 single spaced pages (based on 24 pages of handwritten notes) and the equivalent memoranda prepared by Worrall's counsel covered 17 single spaced pages (based on 32 pages of handwritten notes). And there are material differences between Worrall's statements as recorded by the government and as recorded by Worrall's counsel. Thus, in addition to the question of

3

whether any particular statement is admissible based on the government's recitation of what Worrall said at his proffers, there will likely be questions about whether Worrall made the particular statement attributed to him.

As one example of these inconsistencies: with respect to discussing certain information with David Blaszczak, the FBI Form 302 reads, "Blaszczak framed questions to Worrall in the context of, 'They are talking about this in the data. Is this true?'" Worrall's counsel's memorandum reads, Worrall "recalls that the substance was public and Blaszczak would ask if the substance was true. Worrall would confirm to Blaszczak whether the substance was true." This is but one of numerous discrepancies.

We understand, however, that the government will take the position that any inconsistency between the government's and Worrall's versions of what Worrall said can be handled through cross-examination of the agent who wrote the Form 302. Worrall disagrees. In order to determine whether an argument or evidence Worrall has advanced is inconsistent with a proffer statement made by Worrall, the Court must first determine what in fact Worrall said. Only then can the Court decide whether there is an inconsistency that permits the government to offer the statement at issue under the parties' agreement. That threshold question is within the Court's domain, not the jury's. *United States v. Rivera*, 2015 WL 1725991, at *3 (E.D.N.Y. Apr. 15, 2015) (explaining that it is for the "[C]ourt [to] construe the waiver provision of [the] proffer agreement pursuant to the guidance provided by the Second Circuit").

## III. Conclusion

For the foregoing reasons, Worrall respectfully requests that the Court hold a hearing to determine in advance of trial whether the two factual assertions referenced above – that Worrall did not provide Blaszczak with two February slide decks or the specific rule information – open the door to any – and if so to which – proffer statements. And further that the Court establish a

4

protocol that requires the government, outside the presence of the jury, to establish that any additional assertion Worrall has made during the course of trial that the government believes has opened the door to one or more proffer statements is in fact inconsistent with those proffer statements.

Dated: New York, New York
      March 21, 2018

Respectfully submitted,

SHEARMAN & STERLING LLP

By:   /s/ Stephen Fishbein

Stephen Fishbein
John Nathanson
599 Lexington Avenue
New York, New York 10022
Tel. (212) 848-4000
sfishbein@shearman.com
john.nathanson@shearman.com