UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
:
UNITED STATES OF AMERICA, :
:
v. : No. 17 Cr. 357 (LAK)
:
DAVID BLASZCZAK, :
THEODORE HUBER, :
ROBERT OLAN, and :
CHRISTOPHER WORRALL, :
:
                              Defendants. :
:
---------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS CHRISTOPHER WORRALL AND DAVID
BLASZCZAK'S JOINT MOTION *IN LIMINE* TO EXCLUDE EVIDENCE
UNDER FEDERAL RULE OF EVIDENCE 403
AND TO STRIKE PARAGRAPH 25(b) OF THE INDICTMENT**

**I.    Introduction**

Defendants Christopher Worrall and David Blaszczak make this joint motion *in limine* to exclude from trial irrelevant and prejudicial material relating to (i) allegations by a cooperating witness that Worrall and Blaszczak ███████████████; and (ii) a comment Worrall made in a text message to Blaszczak that ████████████████████████████████ ███████████.

The allegation ████████████ appears in 3500 material the government provided with respect to cooperating witness Marc Samuels. Worall and Blaszczak seek exclusion of testimony on this subject on the ground that its prejudicial value outweighs any probative value under Fed. R. Evid. 403. Worrall and Blaszczak would not object to testimony by Samuels that Worrall and Blaszczak socialized together outside of work (which is not disputed) so long as there is no mention ████████████.

1

The text message is referred to in paragraph 25(b) of the Superseding Indictment (the "Indictment"). However, the government did not mark this document as a trial exhibit. Since the government does not plan to offer this evidence at trial—and such evidence would clearly be inadmissible as unfairly prejudicial under Fed. R. Evid. 403 in any event—Worrall and Blaszczak request that paragraph 25(b) be stricken from the Indictment.

## II.     Factual Background

### A.     Testimony Regarding ▮▮▮▮▮

The government recently produced notes from an interview of a potential cooperating witness, Marc Samuels, as part of its obligations under 18 U.S.C. § 3500. The interview notes are somewhat cryptic but indicate that, according to Samuels, Blaszczak in talking about his relationship with Worrall ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The Indictment alleges a number of specific meetings between Blaszczak and Worrall where Worrall allegedly passed confidential information, but none of these meetings are alleged to have occurred ▮▮▮▮▮▮. The fact that Worrall and Blaszczak socialized with each other, including outside of work, will not be disputed by the defense.

### B.     The Text Message

The Indictment charges that Worrall improperly disclosed CMS information to Blaszczak between 2009 and November 2013. No unlawful disclosures by Worrall are alleged after November 2013.

As alleged in paragraph 25(b) of the Indictment, on Saturday, August 9, 2014—more than eight months after the last allegedly improper disclosure of CMS information—Blaszczak and Worrall exchanged a series of text messages. (Fishbein Decl. Ex. A). In the course of the conversation, Blaszczak said that he would likely be separating from his business partners in the coming weeks (noting that he ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2

███████. Blaszczak then inquired, ████████████████████████████

Blaszczak bragged that he ██████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████ Worrall responded,

████████████████████████████████████████ Blaszczak responded

██████████ and went on to note that he was ██████████

There is no evidence that Worrall and Blaszczak further pursued the issue of going into business together. Further, it is undisputed that (i) Worrall and Blaszczak never in fact went into business together, and (ii) Worrall continued to work at CMS until the time of his arrest in 2017.

The government did not mark the August 9, 2014 text message as a trial exhibit.

**III.    Argument**

    A.    <u>Visits to ████████</u>

Samuels' hearsay suggestion that Worrall and Blaszczak visited ██████████, perhaps on more than one occasion, is unsubstantiated and unrelated to the conduct at issue in this case. The government has never suggested that Worrall and Blaszczak met ██████████ to discuss matters related to CMS. In fact, the government *has* alleged specific lunches and precise times that Worrall allegedly provided information or materials to Blaszczak and none of these meetings is alleged to have occurred ██████████.

The reference to ██████████ is unfairly prejudicial because it would likely cast Worrall and Blaszczak in a negative light, particularly among jurors sensitive to current issues around sexual harassment and exploitation of women. The prejudice can easily be avoided by requiring Samuels to refer in his testimony only to Worrall and Blaszczak socializing together (which is undisputed in any event) without mentioning the specific location, *i.e.* ██████████. The added

3

detail that some of the socializing may have occurred at ▓▓▓▓ adds nothing to the case other than the suggestion that Worrall and Blaszczak participated in behavior that jurors are likely to find offensive (and which is wholly unrelated to the charged conduct).

B.  Text Message

The government has not marketed the August 9, 2014 text message as an exhibit. Accordingly, this evidence will not be presented at trial and there is no reason for it to be included in the Indictment.  Paragraph 25(b) of the Indictment should be stricken so that this prejudicial information is not disclosed to the jury in case the Indictment is provided to the jury in the course of the trial.

Striking paragraph 25(b) from the Indictment is especially warranted because the text message is irrelevant to any issue in dispute in this case.

First, the text message occurred more than eight months *after* any alleged improper disclosure by Worrall to Blaszczak.  There is no evidence that Blaszczak's offer was in any way connected to the previous alleged discussions of CMS information, and the long separation in time weighs strongly against any inference that the business opportunity was a *quid pro quo* for Worrall providing secret CMS information.  *Cf. United States v. Newman*, 773 F.3d 438, 453 (2d Cir. 2014) (fact that career advice was given more than a year prior to alleged tip and was not tied to the tip contributed to finding that evidence of personal benefit was legally insufficient).

Second, Worrall's comment about the ▓▓▓▓ was meant as a joke as he quickly followed it with a ▓▓▓▓, and Blaszczak responded with a "▓▓▓▓ and felt the need to say that he was "▓▓▓▓  That Worrall intended his comment as a joke diminishes its value as proof that Worrall was seriously considering joining Blaszczak in business.

4

Third, nothing whatsoever came from the discussion. There is no evidence that Worrall and Blaszczak further pursued this issue and it is undisputed that Worrall never went into business with Blaszczak or had any financial dealings with him. This undercuts the relevance of the exchange to establish some kind of financial benefit to Worrall.

On the other hand, the text message is unfairly prejudicial because Worrall's comment that a ███████" is ████████" implicates issues of sexual abuse and harassment that are likely to inflame strong emotions in the minds of jurors. Especially in view of the #MeToo movement and the prominence these issues have in contemporary public discussion, the potential for unfair prejudice is high. Jurors could easily read Worrall's comment in the text message as a suggestion that ████████████ would be easy to take advantage of (even if that is not what Worrall had in mind). Similarly, Blaszczak's participation in the text message, and his follow up of ███████████" could be viewed as a suggestion that Blaszczak shared this perspective. Such a sentiment would likely invoke a high level of anger and resentment at Worrall and Blaszczak, which would be "unfair" because it has nothing to do with the crimes with which they are charged.

## IV. Conclusion

For the foregoing reasons, Worrall and Blaszczak respectfully request that their motion in limine to exclude evidence and strike paragraph 25(b) of the Indictment be granted.

Dated: New York, New York
March 23, 2018

Respectfully submitted,

SHEARMAN & STERLING LLP

By:    /s/ Stephen Fishbein

Stephen Fishbein
John Nathanson
599 Lexington Avenue
New York, New York 10022
Tel.: (212) 848-4000
sfishbein@shearman.com
john.nathanson@shearman.com

*Counsel for Defendant Christopher Worrall*

FEDERAL DEFENDERS OF NEW YORK

By:    /s/ David E. Patton (on consent)

David E. Patton
Sabrina P. Shroff
Clay H. Kaminsky
52 Duane Street - 10th Floor
New York, New York 10007
Tel.: (212) 417-8700
david_patton@fd.org
sabrina_shroff@fd.org
clay_kaminsky@fd.org

*Counsel for Defendant David Blaszczak*