

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 17, 2018

BY CM/ECF

The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street, Room 2240
New York, New York 10007

      Re:    United States v. David Blaszczak et al.
              S1 17 Cr. 357 (LAK)

Dear Judge Kaplan:

      The Government respectfully writes to notify the Court of Judge J. Paul Oetken's recent decision in *United States* v. *Middendorf*, 18 Cr. 36 (JPO) (S.D.N.Y. July 17, 2018), which is attached hereto.

      In *Middendorf*, the Government charged five defendants with wire fraud and other crimes in connection with a scheme to misappropriate confidential inspections information from the Public Company Accounting Oversight Board ("PCAOB"). The information was passed to conspirators at KPMG, who used it to clean up relevant audit work papers in advance of PCAOB inspections.

      The defendants moved to dismiss the wire fraud charges, arguing that the confidential PCAOB information at issue was not "property" under the wire fraud statute. Like defendants Huber and Olan in this case (Dkt. 251, at 12-13), the defendants in *Middendorf* argued that the confidential information of regulators is not protected by Section 1343, citing *Cleveland* v. *United States*, 531 U.S. 12 (2000).

Hon. Lewis A. Kaplan
July 17, 2018
Page 2

Judge Oetken correctly rejected that argument.[1]  Judge Oetken held that "the reasoning of *Carpenter* [v. *United States*, 474 U.S. 19 (1987),] supports the conclusion that confidential information — whether held by the government, a private entity, or a statutory nonprofit corporation such as the PCAOB — is 'property.'" *Middendorf*, slip op. at 16.  Specifically addressing *Cleveland*, Judge Oetken concluded:  "Starting from the premise that confidential information can be property, the reasoning of *Cleveland* does not create a carve-out for confidential information which happens to belong to the government." *Id.*  Judge Oetken also noted:  "Like the news at issue in *Carpenter*, the PCAOB's 'confidential information was generated from the [PCAOB],' and as a result 'the [PCAOB] had a right to decide how to use it prior to disclosing it to the public.'" *Id.* at 18 (quoting *Carpenter*, 484 U.S. at 26).  Rejecting the defense's invitation to read *Cleveland* broadly as "unwarranted as a matter of interpretation, as well as principle and policy," Judge Oetken properly limited *Cleveland* to its context. *Middendorf*, slip op. at 20; *see also id.* at 18 n.4 ("*Cleveland* is inapplicable for a simpler reason:  This case is not about licenses.").

*Middendorf* thus provides further support for rejecting Huber's and Olan's argument that that they should be acquitted of wire fraud and Title 18 securities fraud because confidential CMS information does not constitute "property" for the purposes of those statutes.  (Dkt. 356, at 33-38.)  As Judge Oetken rightly concluded, confidential information is protected by the wire fraud statute, regardless of whether such property is held by a government agency or a private business.

---

[1]   The issue in *Middendorf* was *sub judice* when the Government filed its brief in opposition to the defendants' post-trial motions.  (Dkt. 356, at 34 n.10).

Hon. Lewis A. Kaplan
July 17, 2018
Page 3

                                                     Respectfully submitted,

                                                     ROBERT KHUZAMI
                                                     Attorney for the United States
                                                     Acting Under Authority Conferred
                                                     by 28 U.S.C. § 515

                                    By: /s/ _____
                                                   Ian McGinley
                                                   Joshua A. Naftalis
                                                   Assistant United States Attorneys
                                                   (212) 637-2257/2310

cc:      Counsel of Record